UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:18-mc-20898-KMM |
| v. ) | |
| ) | Hon. C.J. K. Michael Moore |
| ANKUR ROY ) | Hon. C. Mag. J. Andrea M. Simonton |

**MOTION OF ANKUR ROY TO (i) TRANSFER TO THE NORTHERN DISTRICT OF ILLINOIS HIS EMERGENCY MOTION TO COMPEL HIS FORMER ATTORNEY TO COMPLY WITH A SUBPOENA FOR DOCUMENTS WITHIN 24 HOURS AND (ii) CLOSE THIS CASE AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 45(f), Ankur Roy respectfully requests that this Court (i) transfer his emergency motion to compel Lorenzo Palomares to comply with a subpoena (Doc. 1, the "Motion to Compel") to The Honorable Judge Feinerman of the U.S. District Court for the Northern District of Illinois (the "Issuing Court") and (ii) close this case.

The Issuing Court has scheduled an evidentiary hearing for April 6, 2018 on Mr. Roy's claims under 28 U.S.C. § 2255 that Mr. Palomares was ineffective in failing to communicate written plea offers and in advising Mr. Roy to go to trial. On the afternoon of March 13, 2018, Mr. Palomares made a "supplemental" production of around 80 pages of largely nonresponsive documents, such as records of payments for flights and hotels. To prepare for the evidentiary hearing, which is now 22 calendar days away, the parties' counsel need to review the additional responsive documents that Mr. Palomares still has not produced pursuant to the subpoena.

When the emergency motion to compel was filed, Mr. Roy's counsel understood that the deposition yesterday would be the parties' only opportunity to obtain sworn testimony from Mr. Palomares before the evidentiary hearing on April 6. The deposition was left open, however, for multiple reasons. It is unclear at this time how soon or whether the deposition will resume.

1

Rule 45(f) provides in relevant part: "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Courts broadly interpret the "exceptional circumstances" standard and transfer motions under Rule 45(f) for reasons such as avoiding potentially interfering with the issuing courts' schedules.

Transfer under Rule 45(f) "allows for consolidation of motions in a single appropriate court, thereby avoiding piecemeal litigation in multiple fora." *P.H. Glatfelter Co. v. Windward Prospects Ltd.*, 847 F.3d 452, 458 (7th Cir. 2017). The importance of avoiding piecemeal litigation is heightened where, as here, the issuing court has already set a deadline or scheduled a proceeding that will occur in the near future. *See In re K.M.A. Sunbelt Trading Co.*, No. 8:17-MC-55-30AAS, 2017 WL 2559790, at *2 (M.D. Fla. June 13, 2017) (transferring motion under Rule 45(f) to "'avoid disrupting the issuing court's management of the underlying litigation'" where deadlines in the issuing court were rapidly approaching) (quoting Fed. R. Civ. P. 45(f) advisory committee's note to 2013); *Edwards v. Maxwell*, No. 16-mc-61262, 2016 WL 7413505, at *2 (S.D. Fla. Dec. 22, 2016) (transferring motion to issuing court under Rule 45(f) because of, among other things, the danger of impeding on [the issuing court's] discovery cutoff deadline," "[the issuing court's] familiarity with the underlying case" made it "able to rule on [the] motion more quickly," and "transfer would avoid any interference with [the issuing court's] pretrial and trial schedule").

In addition, Mr. Palomares will be "minimally burdened" by transfer because he was counsel of record at the trial in the Issuing Court. In *In re: Subpoena Upon NeJame Law, P.A.*, No. 6:16-MC-8-ORL-41TBS, 2016 WL 1599831 (M.D. Fla. Apr. 21, 2016), the court stated that "[the law firm in Orlando, Florida that moved to quash a subpoena for documents] will be only minimally burdened by having to litigate the motion to quash in the Northern District of Illinois"

because "[i]ts lawyers ha[d] appeared in the very case from which the subpoena issued." *Id.* at \*6 (granting motion to transfer). The same is true here.

For the foregoing reasons, Mr. Roy respectfully requests that this Court transfer the Motion to Compel to the Issuing Court and close this case.

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Mr. Roy's counsel made reasonable efforts to confer via email and phone with Luis F. Navarro, Mr. Palomares's lawyer, and Maureen E. Merin, counsel for the government, who also attended the deposition of Mr. Palomares yesterday. Mr. Navarro has advised that his "[c]lient apposes [sic] transfer" without offering a reason for his position.

Ms. Merin has advised: "As I understand it, this matter was filed by Mr. Roy against Mr. Palomares. The United States is not a party to the litigation and as such takes no position on the motion."

March 15, 2018                                          Respectfully submitted,

/s/ Timothy Cone
Timothy Cone
Fla. Bar No. 0980986
Of Counsel, Richard C. Klugh, P.A.
Courthouse Center, Penthouse One
40 Northwest Third Street
Miami, FL  33128
T: (202) 862-4333
timcone@comcast.net

*Counsel for Ankur J. Roy*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March 2018, a true and correct copy of the foregoing document and any attachments thereto was filed with the Clerk of the Court via the Court's CM/ECF system and was served via email on the following:

Luis F. Navarro
Navarro McKown
66 W. Flagler St., 6th Floor
Miami, FL  33130
(305) 424-2625
lou@nmbesq.com

*Counsel for Non-Party Lorenzo Starbuck*

Maureen Elizabeth Merin
U.S Attorney's Office
219 South Dearborn Street, 5th Floor
Chicago, IL  60604
(312) 353-1457
maureen.merin@usdoj.gov

*Counsel for the Government*

             /s/ Timothy Cone
             Timothy Cone